UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br><br>        Plaintiff,<br><br>v.<br><br>SHERMAN, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-01697-SKO (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>(Doc. 26)<br><br>21-DAY DEADLINE<br><br>Clerk of Court to Assign District Judge |

      Plaintiff William J. Jones, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. section 1983. In his original complaint, (Doc. 1), as well as in his first and second amended complaints, (Docs. 15, 17), Plaintiff failed to state a cognizable claim for relief. On three occasions, courts provided Plaintiff with the pleading requirements and legal standards for his alleged claims and granted him leave to amend.[1] (Docs. 13, 16, 25.) Despite these opportunities, Plaintiff continues to set forth generalized conclusions instead of specific facts in his third amended complaint. (Doc. 26.) Thus, the Court finds that Plaintiff is unable to cure the deficiencies in his pleading, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and recommends that this action be **DISMISSED**.

---

[1] Plaintiff filed his original complaint in the Central District of California. (*See* Doc. 1.) After Plaintiff filed his second amended complaint, the court transferred his case to the Eastern District of California. (Doc. 19.)

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**PLEADING REQUIREMENTS**

**A. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

To state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that caused a violation of Plaintiff's federal rights. Plaintiff must clearly identify which defendant he believes is responsible for each violation of his rights and set forth the supporting factual basis for these claims. His complaint must place each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

## DISCUSSION

In Claim I, Plaintiff alleges that Defendants Sherman, Ibarra, Cribbs, and Reveles "[d]eprived Plaintiff of Due Process, in retaliation for Plaintiff['s] use of the inmate appeal system." (Doc. 26 at 4-5.) Plaintiff also states that "Defendant Ibarra's unreasonable capricious and arbitrary interference deprived Plaintiff of [p]roperty." (*Id.* at 4.)

In Claim II, Plaintiff alleges that Defendants Sherman, Ibarra, Cribbs, Sasin, and Reveles deprived Plaintiff of his "[r]eligious [p]roperty in retaliation for Plaintiff … utilizing the inmate

3

appeal process," in violation of the Free Exercise Clause of the First Amendment. (*Id.* at 5-6.) Plaintiff also states that Defendant Sherman deprived him of a "[p]latinum [n]ecklace/32 diamond encrusted anchor medallion and other religio[us] items."

In Claim III, Plaintiff alleges that Defendants Sherman, Ibarra, Cribbs, Sasin, and Reveles deprived Plaintiff of his "right to access the courts, in retaliation for Plaintiff … using the [i]nmate [a]ppeal [p]rocess." (*Id.* at 6.)

### A. Plaintiff Fails to Allege Sufficient Facts to State a Cognizable Claim

The foregoing is the extent of Plaintiff's allegations. Plaintiff provides no facts to support his conclusions that Defendants violated his rights under the First, Fifth, and/or Fourteenth amendments. With the exception of his reference to a "platinum necklace," Plaintiff provides no factual matter, let alone sufficient matter, to state claims that are plausible on their face. *See Iqbal*, 556 U.S. at 678.

As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable claim. *Iqbal*, 556 U.S. at 678 (citation omitted). Although the Court construes Plaintiff's pleading liberally, such liberal construction does not apply to legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Iqbal*, 556 U.S. at 678 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks and citation omitted).

In prior screening orders, courts provided Plaintiff with the applicable pleading requirements as well as the legal standards for Plaintiff's claims of denial of religious freedom, deprivation of property without due process, and denial of access to the courts. (*See* Docs. 13, 16, 25.) Plaintiff's allegations do not meet the given standards. Plaintiff does not show (1) how Defendants substantially burdened his practice of religion, *see Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015), (2) that California does not provide an adequate remedy for the deprivation of Plaintiff's property,[2] *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), or (3) how Defendants' actions frustrated his efforts to pursue a legal claim, *see Lewis v. Casey*,

---

[2] "[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

4

518 U.S. 343, 346, 350 (1996). Plaintiff also does not allege facts to support his assertion that Defendants subjected him to adverse action because of his engagement in protected activity. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Plaintiff only asserts, in conclusory fashion, the alleged causes of action themselves. Plaintiff thus fails to state a cognizable claim. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION AND RECOMMENDATION

Although Plaintiff has received three opportunities to amend his pleading, Plaintiff continues to provide only generalized conclusions and no factual allegations to support his claims in his third amended complaint. Given that Plaintiff's current complaint suffers from that same deficiencies as in his prior two complaints, further amendment appears futile. Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice. The Clerk of the Court is **directed** to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2019**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE